**Douglas N. WASHBURN, Plaintiff,**

v.

**SAUER–SUNDSTRAND, INC., a corporation, Suzanne Sobkowiak, Richard Coffey, and William Glassman, Defendants.**

No. 94 C 2708.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 1, 1995.

**556**

Kenneth A. Kozel, Petz & Kozel, LaSalle, IL, for plaintiff.

Thomas F. Ging, Robert Hill Smeltzer, Hinshaw & Culbertson, Chicago, IL, for defendants.

**MEMORANDUM OPINION**

GRADY, District Judge.

Plaintiff has sued under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., alleging that defendants discriminated against him on the basis of his physical disabilities by terminating his employment.[1] Defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated in this opinion, the motion is granted.

**BACKGROUND**

Plaintiff, Douglas N. Washburn ("Washburn"), worked for defendant Sauer–Sundstrand, Inc. ("Sauer–Sundstrand"). Sauer–Sundstrand is a corporation that operates a manufacturing facility in LaSalle, Illinois. Washburn was employed in this facility as a machinist. He was hired by Sauer–Sundstrand on August 12, 1976. On August 7, 1992, Sauer–Sundstrand placed Washburn on suspension and told him not to come to work. Washburn notified his union, United Auto Workers ("UAW") Local 285, of this action by defendants. Edward Wrobleski, a Vice President of Local 285, subsequently told Washburn to return to work in a couple of days for a meeting with Sauer–Sundstrand personnel.

On August 12, 1992, Washburn, UAW representatives, and Sauer–Sundstrand representatives met at the LaSalle facility to discuss Washburn's attendance record and suspension. There is some disagreement as to who was present at the meeting. In addition to Washburn, the parties agree that defendants Suzanne Sobkowiak, Human Resources Team Leader, and Richard Coffey, Manufacturing Supervisor, attended on behalf of Sauer–Sundstrand. Also, the parties agree that Ronald Raef, first shift Steward, attended on behalf of the UAW. Defendants state that Wayne Casperson, Manufacturing Team Leader, also attended on behalf of Sauer–Sundstrand, and that George Wilson, a Vice

---

1. According to the complaint, defendants Suzanne Sobkowiak, Richard Coffey, and William Glassman are supervisory employees of defendant Sauer–Sundstrand, Inc. who participated in the action plaintiff complains of. These individuals are probably entitled to a Rule 12(b)(6) dismissal on the basis of *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir.1995), which held "that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA." *Id.* at 1282. However, these defendants have not moved for dismissal, and in view of the conclusion we have reached on defendants' summary judgment motion, we need not address this question.

President of Local 285, and Al Espinoza, third shift Steward, also attended on behalf of the UAW. Defendants' Local Rule 12(m) Statement of Material Facts as to Which There is No Genuine Issue ("Defs.' 12(m) Statement") at ¶ 12. Plaintiff states that the additional attendees were defendant William Glassman, Director of Plant Operations of Sauer–Sundstrand, Wrobleski, and John Taylor, Treasurer of Local 285. Plaintiff's Response to Defendant's Statement of Facts ("Pl.'s 12(n) Response") at ¶ 12.

There is also disagreement between the parties as to the outcome of the meeting. Defendants contend that Washburn was formally terminated for excessive absenteeism. Defs.' 12(m) Statement at ¶¶ 1, 13. Plaintiff contends that he was not told he was being discharged, Pl.'s 12(n) Response at ¶ 13, but merely that he was being suspended because of absenteeism, and that he was not told, nor did he ask, how long the suspension would last. Washburn Dep. at 15–16.

Immediately after the August 12, 1992, meeting, Washburn signed a grievance that had been prepared by Espinoza. Washburn Dep. at 22–23; Espinoza Aff. The grievance protests Washburn's discharge. Espinoza Aff. Ex. 1. Washburn states that he did not read the grievance. Plaintiff's Statement of Additional Facts Which Require the Denial of Summary Judgment ("Pl.'s 12(n) Statement") at ¶ 4. Plaintiff did not receive any paychecks from Sauer–Sundstrand after August 12, 1992. He filed for unemployment benefits in 1992. Defendants state that Washburn's health benefits from Sauer–Sundstrand ceased as of August 12, 1992, and that he was sent a letter dated August 17, 1992, informing him that he had the option to pay for continued coverage under Sauer–Sundstrand's health insurance plan in spite of his termination. Defs.' 12(m) Statement at ¶¶ 17–18. Washburn contends that he was not sure whether his health benefits had been terminated, and that he had never received any correspondence from Sauer–Sundstrand regarding health insurance. Pl.'s 12(n) Response at ¶¶ 17–18.

Washburn's grievance was arbitrated on January 21, 1993. The arbitrator upheld Sauer–Sundstrand's termination of Wash-burn in a determination issued on March 22, 1993. Washburn states that he learned that he had been terminated upon receipt of the arbitrator's determination. Washburn Dep. at 31. Washburn filed a charge of discrimination against Sauer–Sundstrand with the Equal Employment Opportunity Commission ("EEOC") on September 20, 1993. Pl.'s 12(n) Response at ¶ 23. Plaintiff's EEOC charge was dismissed, and a right-to-sue letter was issued, on January 31, 1994. Washburn then filed this suit under the ADA. Defendant has moved for summary judgment.

## DISCUSSION

■■■ Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Wallace v. Tilley, 41 F.3d 296, 299 (7th Cir.1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir.), cert. denied, ——— U.S. ———, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). The court will enter summary judgment against a party who does not come forward with evidence that would reasonably permit a finder of fact to find in his or her favor on a material question. McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir.1995).

■■■ Once the moving party has supported its motion for summary judgment, any fact asserted in the movant's affidavit will be accepted by the court as true unless the adverse party submits his own affidavits or other admissible evidence contradicting the assertion. See Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982); see also Fed.R.Civ.P. 56(e) ("When a motion for summary judg-

ment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.")

 Sauer–Sundstrand has moved for summary judgment on the ground that there is no genuine issue of material fact as to whether Washburn's claim is time-barred under the ADA. The ADA, incorporating as it does the "powers, remedies, and procedures" of Title VII, 42 U.S.C. § 12117(a), requires that charges of discrimination be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *Gilardi v. Schroeder*, 833 F.2d 1226, 1230 (7th Cir.1987); *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393, 1397–98 (N.D.Ill.1994). Plaintiff contends that he did not learn until March 20, 1993, that what he thought had been an indefinite suspension on August 12, 1992, had in fact been a discharge. Washburn Dep. at 15–16, 31. Washburn also does not dispute that he filed a charge of discrimination with the EEOC on September 20, 1993, Pl.'s 12(n) Response at ¶ 23, a date that is more than 300 days after August 12, 1992. Failure to satisfy the EEOC 300 day filing requirement is a bar to suit in federal court, but it is not an absolute bar. *Perkins v. Silverstein*, 939 F.2d 463, 469–70 (7th Cir.1991). Like a statute of limitations, the filing requirement "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

 "To defeat a motion for summary judgment alleging that the statute of limitations operates to bar the suit, the party opposing the motion must demonstrate the existence of a disputed material fact that presents a genuine issue for trial" as to whether waiver or modification of the limitations period is warranted. *Janowiak v. Corporate City of South Bend*, 750 F.2d 557, 561 (7th Cir.1984), *rev'd on other grounds*, 481

U.S. 1001, 107 S.Ct. 1620, 95 L.Ed.2d 195 (1987). Plaintiff contends that the dispute over when Washburn learned that he had been terminated on August 12, 1992, as opposed to being merely suspended, presents a genuine issue for trial under the doctrines of equitable estoppel and equitable tolling. Defendants have provided affidavits from three people who attended the August 12, 1992, meeting. Sobkowiak Aff.; Wilson Aff.; Espinoza Aff. All three state that Washburn was told he was discharged at that meeting. *Id.* Defendants have also provided a copy of a union grievance protesting Washburn's "discharge" that was signed by Washburn and filed on August 12, 1992. Espinoza Aff. Ex. 1; Washburn Dep. at 22–23. Washburn, on the other hand, states that he was not told he was discharged on August 12, 1992, and that he did not read the grievance form he signed. Washburn Aff. at ¶¶ 1–2. There is a genuine issue of fact here. However, because the date on which Washburn learned he had been discharged is not material to the question of the applicability of the various equitable modification and waiver doctrines, Washburn cannot withstand summary judgment.

 While plaintiff refers to equitable estoppel and equitable tolling, his argument actually invokes the " 'discovery rule' of federal common law, which is read into statutes of limitations in federal-question cases." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990), *cert. denied*, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). This rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *Id.* The problem with Washburn's argument is that he did in fact discover his injury on August 12, 1992. Discovery of injury in the employment context occurs "at the time the [adverse employment] decision was made and communicated" to the employee. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *Cada*, 920 F.2d at 450. Washburn's case is similar to *Ricks*, where, because "the only challenged employment practice occur[red] before the termination date, the limitations pe-

riods necessarily commence[d] to run before that date." *Ricks,* 449 U.S. at 259, 101 S.Ct. at 505.

In Washburn's case, like *Ricks,* there is only one challenged employment decision, and this decision was made and communicated to Washburn on August 12, 1992. Washburn acknowledges that he was not allowed to return to his Sauer–Sundstrand job after August 12, 1992, and that he stopped receiving paychecks after that date. Washburn Dep. at 15–16. He further acknowledges that he filed for unemployment compensation at some point after August 12, 1992, and before the end of that year. Washburn Dep. at 34. There is nothing in this record to suggest that Washburn could reasonably have regarded a discharge as discriminatory but an indefinite suspension as non-discriminatory. If discrimination occurred, it occurred when Washburn was disciplined for his absenteeism. Under the discovery rule, therefore, it is immaterial whether the adverse employment decision of August 12, 1992, was communicated to Washburn in terms of discharge or indefinite suspension.

■ In addition to the discovery rule, the Seventh Circuit has recognized that the two tolling doctrines mentioned in plaintiff's brief—equitable estoppel and equitable tolling—can modify the limitations period in ADA and Title VII cases. *Cada,* 920 F.2d at 451. However, like the discovery rule, neither of these doctrines will defeat summary judgment in Washburn's case. Equitable estoppel tolls the limitations period in cases where "the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada,* 920 F.2d at 450–51. Washburn has presented no evidence that shows, or supports the inference, that Sauer–Sundstrand was actively trying to prevent him from suing in time. In fact, as of March 22, 1993, the date that Washburn claims he first learned he had been discharged and not suspended, he still had plenty of time because the end of the limitation period was 78 days away.

■ Equitable tolling, on the other hand, allows a plaintiff to avoid a time-bar if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451. Washburn fails to satisfy the due diligence requirement, because, assuming he needed to know whether he was discharged or suspended in order to be able to bring a claim, all he had to do was ask the union representatives who were handling his grievance. Also, equitable tolling is inapplicable because, again, at the time Washburn learned he had been discharged, 78 days remained in the limitations period. "When as here the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so." *Id.* at 453. Washburn offers nothing to rebut this presumption.

■ Finally, plaintiff argues that the EEOC filing requirement should be waived because it violates the Fifth Amendment by denying due process and equal protection to a class of plaintiffs alleging employment discrimination. Plaintiff acknowledges that legislation like Title VII "that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose." *Hodel v. Indiana,* 452 U.S. 314, 331, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40 (1981). Plaintiff ignores the fact, however, that "such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Id.* at 331–32, 101 S.Ct. at 2387. There is no such showing here. Plaintiff simply asserts that the EEOC filing requirement is arbitrary and capricious. This assertion is particularly unpersuasive in view of the fact that the Supreme Court has recognized that limitations periods provide a reasonable means of accommodating the competing congressional interests of "guaranteeing the protection of the civil rights laws to those who promptly assert their rights, ... [and] protect[ing] employers from the burden of defending claims arising from employment decisions that are long past." *Ricks,* 449 U.S. at 256–57, 101 S.Ct. at 503. Moreover, Washburn's equal protection argument fails to identify any class of persons

receiving unequal treatment under the filing requirement, and his due process contention fails to identify any liberty or property interest of which these persons have been deprived.

## CONCLUSION

For the reasons stated in this opinion, defendants' motion for summary judgment is granted, and summary judgment will be entered against the plaintiff.